# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE
## AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>RICKY DAVIS, )<br>)<br>Defendant. ) | No. 3:18-CR-25-PLR-HBG |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This case came before the Court on August 2, 2018, for a pretrial conference and motion hearing on the Defendant's Motion for Continuance of Trial Date [Doc. 22], filed on July 10, 2018. Assistant United States Attorney Tracy L. Stone appeared on behalf of the Government. Attorney Richard L. Gaines represented Defendant Davis, who was also present.

Defendant Davis asks the Court to continue the August 14, 2018 trial date in order to give defense counsel additional time to prepare for trial. The motion relates that Attorney Gaines was recently hired to represent Defendant Davis. The Defendant states that additional time is necessary for Mr. Gaines to provide the effective assistance of counsel. The motion also states that the Government does not object to the requested continuance. At the motion hearing, Mr. Gaines requested a new trial date at the end of February 2019. He stated that he had received the file and discovery from former counsel and that the discovery in this case is somewhat extensive. He also requested a new motion deadline, stating that he intended to file a motion to suppress

evidence. Mr. Gaines noted that the Defendant is waiving his speedy trial rights in relation to this motion.

AUSA Stone confirmed that the Government did not oppose the requested continuance. He also agreed with permitting a new motion deadline in this case. AUSA Stone noted that the Government has provided the defense with all of the discovery in this case, with the exception of laboratory reports relating to seized drugs. He said the Government had yet to receive these laboratory reports but that he would provide copies to defense counsel as soon as he received them. AUSA Stone noted that, while there are uncharged "overdose deaths" that he believes may be related to this case, he is not inclined to bring charges relating to these other deaths. However, he stated that he has already provided discovery on these uncharged deaths and defense counsel is aware of them. The parties agreed to a new trial date of February 26, 2019.

The Court finds the Defendant's motion to continue the trial to be unopposed and well taken. The Court also finds that the ends of justice served by granting a continuance outweigh the interest of the Defendant and the public in a speedy trial. 18 U.S.C. § 3161(h)(7)(A). The Court substituted [Doc. 21] Mr. Gaines as counsel of record for Defendant Davis on June 15, 2018. Mr. Gaines now needs additional time to complete his review of discovery and to file a motion to suppress evidence. *See* 18 U.S.C. § 3161(h)(1)(D) (excluding a reasonable time during which a motion is pending). The Court set a new motion deadline of September 21, 2018, and a motion hearing on November 2, 2018, at 9:30 a.m. After this motion hearing, the Court will need time, not to exceed thirty (30) days, to prepare a report and recommendation. 18 U.S.C. § 3161(h)(1)(H) (excluding up to thirty days, during which a motion is under advisement). Thereafter, the District Judge will need time to rule on the dispositive motion in light of the report and any objections filed by the parties. 18 U.S.C. § 3161(h)(1)(H). Finally, the parties will need time to prepare for trial

after litigating the dispositive motion. The Court finds that all of this cannot occur before the August 14 trial date or in less than six and one-half months. Accordingly, the Court finds that the failure to grant the requested continuance would deprive defense counsel of the reasonable time necessary to prepare effectively for trial, even taking into account counsel's acting with due diligence. 18 U.S.C. § 3161(h)(7)(B)(iv).

Accordingly, the Defendant's motion [**Doc. 22**] to continue the trial is **GRANTED**. The trial of this matter is reset to **February 26, 2019**. The Court also finds that all the time between the filing of the motion to continue on **July 10, 2018**, and the new trial date of **February 26, 2019**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein. *See* 18 U.S.C. § 3161(h)(1)(D), -(1)(H), & -(7)(A)-(B). With regard to other scheduling in this case, the motion deadline is extended to **September 21, 2018**. Responses to motions are due on or before **October 5, 2018**. The parties are to appear before the undersigned for a hearing on all pretrial motions on **November 2, 2018, at 9:30 a.m.** A final pretrial conference before the undersigned is scheduled for **February 12, 2019, at 11:00 a.m.** This date is also the deadline for concluding plea negotiations and providing reciprocal discovery. The Court instructs the parties that all motions *in limine* must be filed no later than **February 11, 2019**. Special requests for jury instructions shall be submitted to the District Court no later than **February 15**, **2019**, and shall be supported by citations to authority pursuant to Local Rule 7.4.

Accordingly, it is **ORDERED**:

(1) The Defendant's Motion for Continuance of Trial Date [**Doc. 22**] is **GRANTED**;

(2) The trial of this matter is reset to commence on **February 26, 2019**, **at 9:00 a.m.**, before the Honorable Pamela L. Reeves, United States District Judge;

(3)  All time between the filing of the Defendant's motion to continue on **July 10, 2018**, and the new trial date of **February 26, 2019**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) The motion deadline is extended to **September 21, 2018**;

(5) Responses to motions are due on or before **October 5, 2018**;

(6) The parties are to appear before the undersigned for a motion hearing on all pending pretrial motions on **November 2, 2018, at 9:30 a.m.**;

(7)  The undersigned will hold a final pretrial conference in this case on **February 12, 2019, at 11:00**.  **February 12, 2019**, will also be the new plea deadline and the deadline for providing reciprocal discovery;

(8) The Court instructs the parties that all motions *in limine* must be filed no later than **February 11, 2019**; and

(9) Special requests for jury instructions shall be submitted to the District Judge no later than **February 15, 2019**, and shall be supported by citations to authority pursuant to Local Rule 7.4.

**IT IS SO ORDERED.**

ENTER:

_____
United States Magistrate Judge