IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | No. 3:18-CR-25-PLR-HBG |
| RICKY DAVIS, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This case came before the Court on October 28, 2019, for a motion hearing on the Defendant's Motion for Continuance of Trial Date [Doc. 44]. Assistant United States Attorneys Alan Scott Kirk and Brent Nelson Jones appeared on behalf of the Government. Attorney Richard Lee Gaines represented Defendant Davis, who was also present.

The trial of this case is set for October 29, 2019. On October 4, 2019, the undersigned entered a Report and Recommendation [Doc. 43], recommending that the Defendant's Motion to Suppress Evidence [Doc. 27] be denied. In his motion for a continuance, the Defendant asks the Court to continue the trial to give sufficient time to complete the litigation of his suppression motion. He also states that lead counsel for the Government AUSA Tracy L. Stone is beginning a lengthy trial in another criminal case. The motion relates that the Defendant agrees with counsel that this continuance is necessary and that the Government does not oppose this request.

At the motion hearing, Mr. Gaines observed that AUSA Stone is involved with a criminal trial that is likely to last into January 2020. He also stated that Defendant needs additional time in this case to complete the litigation of important constitutional issues raised in his suppression motion. Mr. Gaines stated that Chief District Judge Reeves recently extended his deadline to file objections to the Report to November 18, 2019. He noted that the Government's time to respond to his objections was also extended thirty days. Mr. Gaines observed that the Defendant wants to get to trial as soon as possible but is waiving his right to a speedy trial in relation to the instant motion, because he understands the necessity of litigating the issues raised in his suppression motion.

AUSA Kirk related that the Government agrees with the need for a trial continuance in this case. He confirmed that lead counsel for the Government is currently involved in another criminal trial. He assured the Court that the Government was also interested in bringing Defendant Davis's case to trial and would work diligently toward that end. The parties agreed on a new trial date of March 17, 2020.

The Court finds the Defendant's motion to continue the trial to be well taken and that the ends of justice served by granting a continuance outweigh the interest of the Defendant and the public in a speedy trial. 18 U.S.C. § 3161(h)(7)(A). The Defendant is seeking the suppression of evidence seized from his vehicle. He states that while not dispositive of the entire case, the suppression of this evidence will have a significant impact on his case. To this end, the Defendant has moved [Doc. 27] to suppress this evidence. Following an evidentiary hearing and post-hearing briefs by the parties, the undersigned issued a Report and Recommendation, recommending that the motion to suppress be denied. Defendant Davis may file objections to this Report by November 18, 2019. The Government may respond to the Defendant's objections by

December 18, 2019. After the parties's filings, the Chief District Judge will need time to rule on the suppression motions in light of the Report and the parties' filings. *See* 18 U.S.C. § 3161(h)(1)(H). Finally, the parties will need time to prepare for trial after the District Judge's ruling. The Court finds that all of this cannot occur before the October 29 trial date or in less than four and one-half months. Accordingly, the Court finds that the failure to grant the requested continuance would deprive counsel for all parties of the reasonable time necessary to prepare effectively for trial even taking into account counsels' acting with due diligence. 18 U.S.C. § 3161(h)(7)(B)(iv).

Accordingly, the Defendant's Motion for Continuance of Trial Date [**Doc. 44**] is **GRANTED**. The trial of this matter is reset to **March 17, 2020**. The Court also finds that all the time between the filing of the motion to continue on **October 16, 2019**, and the new trial date of **March 17, 2019**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein. *See* 18 U.S.C. § 3161(h)(1)(D), -(1)(H), & -(7)(A)-(B). With regard to other scheduling in this case, a final pretrial conference before the undersigned is scheduled for **February 25, 2020, at 11:00 a.m.** This date shall also be the deadline for concluding plea negotiations and providing reciprocal discovery. All motions *in limine* must be filed no later than **March 2, 2020**. Special requests for jury instructions shall be submitted to the Chief District Judge no later than **March 6, 2020**, and shall be supported by citations to authority pursuant to Local Rule 7.4.

Accordingly, it is **ORDERED**:

> (1) The Defendant's Motion for Continuance of Trial Date [**Doc. 44**] is **GRANTED**;
>
> (2) The trial of this matter is reset to commence on **March 17, 2020**, **at 9:00 a.m.**, before the Honorable Pamela L. Reeves, Chief United States District Judge;

(3)  All time between the filing of the Defendant's motion to continue on **October 16, 2019**, and the new trial date of **March 17, 2020**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4)  The parties are to appear before the undersigned for a final pretrial conference on **February 25, 2020, at 11:00 a.m.**  This date is also the deadline for concluding plea negotiations and providing reciprocal discovery;

(5)  Motions *in limine* must be filed no later than **March 2, 2020**; and

(6)  Special requests for jury instructions shall be submitted on or before **March 6, 2020**, and shall be supported by citations to authority pursuant to Local Rule 7.4.

**IT IS SO ORDERED.**

ENTER:

*/s/ Bruce Guyton*
United States Magistrate Judge