UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| vs. | ) No. 3:18-CR-25 |
| | ) |
| RICKY DAVIS | ) |

## **MEMORANDUM AND ORDER**

On October 4, 2019, the Honorable H. Bruce Guyton, United States Magistrate Judge, filed a 37-page Report and Recommendation [Doc. 43], in which he recommended that Davis's motion to suppress evidence [Doc. 27] be denied.

This matter is before the Court for consideration of Davis's objections [Doc. 49] to the Report and Recommendation. As required by 28 U.S.C. § 36(b)(1) and Rule 72(b), Fed.R.Civ.P., the Court has now undertaken a *de novo* review of those portions of the Report and Recommendation to which Davis objects. For the following reasons, the Court finds Davis's objections without merit and the objections will be overruled.

After midnight on February 19, 2018, officers stopped Davis as he was driving his white Honda Accord a few blocks from his residence. After the officers arrested Davis for driving on a revoked license, a drug detection dog alerted on the Honda and Davis's silver Cadillac, which was parked on the street nearby. Officers searched both vehicles, finding a marijuana cigarette in the Honda and a bag of illegal drugs in the Cadillac. In his

objections, Davis challenges the stop of the Honda, the search of the Cadillac, and the qualifications of the drug detection team.

First, Davis argues the officers had no reasonable suspicion to initiate a traffic stop. The court disagrees. The Magistrate Judge correctly found that Officer Stonerock had reasonable suspicion justifying the stop of the Honda. Officer Stonerock had been dispatched to investigate the return of a stolen white Honda. Officer Stonerock testified it was odd for an owner to recover a stolen vehicle and return it to his home. Officer Stonerock recognized the address as the home of Davis, to whom was registered a white Honda that had fled a traffic stop two weeks earlier. Officer Stonerock observed a silver Cadillac, followed by a white Honda, abruptly turning onto Deer Lake Drive upon seeing officers at Davis's residence. It was reasonable for Officer Stonerock to believe that the white Honda was the same one reported stolen and then found by its owner. Accordingly, the court agrees that Officer Stonerock had reasonable suspicion to stop the Honda.

Next, the court reviews whether the duration and intrusiveness of the stop was reasonable. It was. After stopping the Honda, Officer Stonerock asked Davis questions about his identify, ownership of the Honda, and about the Cadillac. Davis did not have identification, agreed he owned the Honda, but disavowed any connection to the Cadillac. Officer Stonerock already knew that the Cadillac was registered to Davis. Officer Stonerock then learned from dispatch that Davis's driver's license was revoked. Officer Stonerock arrested Davis for driving on a revoked license. The duration of the stop was reasonable under the circumstances and ended with Davis's arrest.

Davis next argues that the officers were required to obtain a search warrant before conducting a dog sniff of the Honda and the Cadillac. Again, the Court disagrees.

Davis's denial of ownership of the Cadillac aroused the officer's suspicions that Davis was hiding something in relation to the Cadillac. Based on his experience, Officer Stonerock suspected that Davis might be hiding drugs. At this point, Davis had been arrested; the Honda was in the lawful possession of the Knoxville Police Department; and the investigation into the theft of the Honda was ongoing after Davis's arrest. Turning to the Cadillac, it was parked on a public street; thus, there was no need for a search warrant to conduct a dog sniff. *See United States v. Place,* 462 U.S. 696, 707 (1983) (holding that a dog sniff of private property located in a public place was not a "search" within the meaning of the Fourth Amendment). The Magistrate Judge correctly found that the dog sniff of the Cadillac parked on a public street was permissible without the need for law enforcement to suspect that the Cadillac contained drugs, and the dog sniff of the Honda was conducted as part of the investigation of the theft of the Honda.

Last, Davis argues there was no objective evidence that the K9 was reliable or well trained. The record shows otherwise.

Deputy Graves testified that he and his dog "Rudi" completed eight weeks of training and Rudi was certified by the National Narcotic Detector Dog Association. Deputy Graves further testified that prior to the events on February 19, 2018, he deployed Rudi to sniff for controlled substances approximately 60 – 70 times, 50 of which were on vehicles. Rudi never alerted incorrectly on any of these deployments. The record supports the Magistrate Judge's finding that Rudi was reliable.

Davis also argues that Rudi's "alerts" on the Honda and the Cadillac were not captured on the video recordings from the cruisers on the scene. However, the fact that a video recording was not available does not discredit Officer Graves' testimony that Rudi alerted on both vehicles. Thus, the Magistrate Judge committed no error in finding that Rudi was reliable and that he alerted on both the Honda and the Cadillac, giving the officers probable cause to search the vehicles.

After a careful review of the record, the Court is in complete agreement with the Magistrate Judge's recommendation that Davis's motion to suppress evidence be denied. Accordingly, the court **ACCEPTS IN WHOLE** the Report and Recommendation under 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72(b). It is **ORDERED**, for the reasons stated in the Report and Recommendation, which the court adopts and incorporates into its ruling, that Davis's motion to suppress evidence [Doc. 27] is **DENIED.**

Enter:

PAMELA L. REEVES
Chief United States District Judge